**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JAMES EVERETT SHELTON and
GEORGE MOORE, individually on behalf
of herself and all others similarly situated,

    **Plaintiffs,**

vs.              Case No. 0:19-cv-61787-RKA

SECURITY SYSTEMS, INC. D/B/A SAFE
HOME SECURITY, a Connecticut
company SAFEGUARD SECURITY &
SURVEILLANCE INC., a Connecticut
company, FIVE DIAMOND SECURITY,
LLC, A Florida Company, and FRANK
ERICKSON,

    **Defendants.**
_____

### DEFENDANTS SECURITY SYSTEMS, INC.'S AND SAFEGUARD SECURITY & SURVEILLANCE INC.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND REQUEST FOR JUDICIAL NOTICE

  Defendants Security Systems, Inc. ("SSI") and Safeguard Security & Surveillance, Inc. ("Safeguard") (collectively, "Defendants"), by and through their undersigned counsel, respectfully move to dismiss the claims filed against them by Plaintiffs, James Everett Shelton and George Moore, in the First Amended Class Action Complaint ("Amended Complaint") [D.E. 19] pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, for lack of personal jurisdiction. Florida has little, if any connection to or interest in the outcome of the claims by the non-resident Plaintiffs against SSI and Safeguard, non-resident corporations. This Court cannot exercise personal jurisdiction over Defendants under either the Florida Long-Arm Statute or the Due Process Clause. Accordingly, Plaintiffs' claims against SSI and Safeguard should be dismissed.

1

## I. REQUEST FOR JUDICIAL NOTICE

A court is permitted to take judicial notice of "adjudicative facts" that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The court may take judicial notice of matters of public record, including "notice of the state and federal court proceedings." *Cunningham v. Dist. Attorney's Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir. 2010). Judicially noticed facts are properly considered in the context of a motion to dismiss. *Id.* Defendants request that the Court take judicial notice of the Complaint and Notice of Dismissal, filed in the matter of *George Moore v. Security Systems, Inc.*, Case No. 1:19-cv-4752, United States District Court, Northern District of Illinois, attached hereto as Exhibits A and B, respectively.

## II. STATEMENT OF FACTS

Plaintiffs, James Everett Shelton and George Moore, bring this action against SSI and Safeguard as well as against co-defendants, Five Diamond Security, LLC ("Five Diamond") and Frank Erickson, for alleged violations of the TCPA based on telephone calls Plaintiffs allegedly received from Defendants or their agents. SSI and Safeguard are providers of residential and commercial security alarm systems and services. (D.E. 19 ¶ 64.) Both Defendants are incorporated in Connecticut and have their principal place of business in Connecticut. (*Id.* ¶¶ 9-10.) Plaintiff alleges that SSI installs alarm systems in Florida and is registered to do business in Florida. (*Id.* ¶ 9.) Plaintiffs allege that Safeguard "places telemarketing calls into this District, and was previously registered to do business in this District." (*Id.* ¶ 10.)

Defendant Five Diamond Security, LLC ("Five Diamond") is a Florida limited liability company with a principal place of business in Pompano Beach, Florida. (*Id.* at ¶ 8.) Plaintiffs allege that SSI hired Safeguard and Five Diamond to solicit new customers through telemarketing,

and that SSI exercises a degree of control over those telemarketing efforts.  (D.E. 19 ¶¶ 72-79.) No other connections between SSI or Safeguard and Five Diamond are alleged.

Plaintiff James Everett Shelton ("Shelton") is a Pennsylvania resident who allegedly received the telephone calls at issue on a cellular telephone bearing a Pennsylvania area code (484). (D.E. 19 ¶ 33.)  Plaintiff George Moore ("Moore") is an Illinois resident who received the allegedly violative phone calls on a residential landline with an Illinois area code.  (D.E. 19 ¶ 48.)  Neither Shelton nor Moore allege that they received the phone calls at issue in the state of Florida.

On July 16, 2019, Moore brought suit against SSI and Safeguard in the Northern District of Illinois (the "Illinois case") for alleged violations of the Telephone Consumer Protection Act ("TCPA").  (Ex. A.)  On July 17, 2019, Shelton brought suit against Five Diamond and Rapid Response Monitoring Services Inc., a New York company, for similar alleged violations of the TCPA.  (D.E. 1.)  On August 30, 2019, seemingly in an attempt to avoid the procedural hurdles of establishing jurisdiction over non-resident class members in the Seventh Circuit, Moore voluntarily dismissed that Illinois case.  (Ex. B.)  That same day, Shelton moved to join Moore to this litigation and to add SSI and Safeguard as defendants.  (D.E. 14.)  On September 10, 2019, Plaintiffs filed their Amended Complaint with leave of the Court.  (D.E. 18; D.E. 19.)

### III.    PLAINTIFFS HAVE NO LEGAL OR FACTUAL BASIS TO ESTABLISH PERSONAL JURISDICTION OVER DEFENDANTS

Plaintiffs have brought suit in the Southern District of Florida despite the allegations set forth in the Amended Complaint having little, if any connection to the state of Florida.  Indeed, neither Plaintiffs, SSI, nor Safeguard are Florida residents.  But this transparent attempt to seek a more favorable forum in Florida is, among other things, misguided insofar as this Court lacks personal jurisdiction over SSI and Safeguard.  First, Plaintiffs cannot establish specific personal jurisdiction over Defendants because there is no nexus whatsoever between Plaintiffs claims and

3

the state of Florida. Plaintiffs do not allege that the phone calls at issue were placed from or into Florida. Indeed, Shelton is a Pennsylvania resident who received the alleged telemarketing phone calls on a telephone bearing a Pennsylvania area code. And Moore, an Illinois resident, received the phone calls on a *landline* bearing an Illinois area code. Thus, the suit does not arise out of or relate to any contacts SSI or Safeguard may have, if any, with Florida.

Second, this Court does not have general jurisdiction over Defendants, who are both incorporated in and have their principal places of business in Connecticut. While Plaintiffs allege that Defendants install alarm systems in Florida and are (or previously were) registered to do business in Florida, courts in this Circuit have repeatedly held that registration and minimal sales are not enough to render a defendant essentially "at home" in Florida and are thus insufficient to satisfy the requirements for general jurisdiction under the Florida Long-Arm Statute or the Due Process Clause of the Fourteenth Amendment. Nor can Plaintiffs impute general jurisdiction from Five Diamond, a Florida limited liability company, to SSI or Safeguard insofar as, on the face of the Amended Complaint, Five Diamond is a separate company that is not wholly owned and controlled by Defendants.

### A. Legal Standard for Personal Jurisdiction

The existence of personal jurisdiction is a question of law, for determination by the court. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009). A plaintiff seeking to establish personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "[V]ague and conclusory allegations . . . are

insufficient to establish a prima facie case . . . ." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006).

Determining whether the court has personal jurisdiction over a defendant is a two-step analysis. First, when jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, as is the case here, *see* 47 U.S.C. § 227(b), "Rule 4(e) of the Federal Rules of Civil Procedure directs [courts] to look to the state long-arm statute in order to determine the existence of personal jurisdiction." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626-27 (11th Cir. 1996). Florida's long-arm statute provides two ways in which a defendant may be subject to the jurisdiction of the state's courts. *Waite v. AII Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018). A defendant is subject to "specific personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida"—for conduct specifically enumerated in the statute. *Id*. (citing Fla. Stat. § 48.193(1)(a) ("Florida Long-Arm Statute")). A defendant is subject to "general personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in 'substantial and not isolated activity' in Florida." *Waite*, 901 F.3d at 1312 (quoting Fla. Stat. § 48.193(2)).

Even if personal jurisdiction is found to arise pursuant to the Florida Long-Arm Statute, the second part of the inquiry involves whether jurisdiction is proper under the Due Process Clause of the Fourteenth Amendment. The due process analysis asks whether the party has "minimum contacts" with the state of Florida, and "whether the exercise of this jurisdiction over her would offend traditional notions of fair play and substantial justice." *Sculptchair*, 94 F.3d at 630-31; *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). Whether a party has minimum contacts is determined by looking at the following factors: 1) the

contacts must be related to the plaintiff's cause of action or have given rise to it; 2) the contacts must involve some purposeful availment of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws; and 3) the defendant's contacts within the forum state must be such that she should reasonably anticipate being haled into court there. S*culptchair*, 94 F.3d at 631; *see also Burger King v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985).  When determining whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice, courts "must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1032, 94 L.Ed.2d 92 (1987).

      **B.**    **This Court Does Not Have Specific Personal Jurisdiction Over Safeguard and SSI**

Specific jurisdiction requires a connection between defendant's contacts with the forum and with the plaintiff's claims. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (citing *Int'l Shoe*, 326 U.S. at 318); *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). But Plaintiffs do not even attempt to plead that their claims "arise out of or relate to" any contacts that SSI or Safe Home may have with Florida. *Cf.* Fla. Stat. § 48.193(1)(a).  In fact, the Amended Complaint is abundantly clear that neither Plaintiff has any connection to Florida.  Shelton and Moore concede that they are citizens of Pennsylvania and Illinois, respectively.  (D.E. 19 ¶¶ 6-7.) While the Amended Complaint is conspicuously silent as to where Plaintiffs allegedly received the phone calls in question, Shelton's phone number has a Pennsylvania area code and Moore's phone number is a residential landline with an Illinois area code.  (D.E. 19 ¶¶ 33, 48.) Consequently, even if Plaintiffs resided in Florida (which according to the Amended Complaint, they do not), they would still be unable to demonstrate that SSI or Safeguard engaged in conduct

6

aimed at Florida because they have telephone numbers with out-of-state area codes. *See Eisenband v. Starion Energy, Inc.*, No. 9:17-cv-80195-KAM, 2018 U.S. Dist. LEXIS 79572, at *17-18 (S.D. Fla. May 11, 2018) (*"*Defendant's telephone call to a New Jersey telephone number does not establish purposeful availment with respect to this forum."*)*.

The Amended Complaint contains zero allegations connecting either Plaintiff to Florida, and, thus, this Court cannot exercise specific personal jurisdiction over Defendants on their claims. *See Lee v. Branch Banking & Trust Co.*, No. 1:18-cv-21876-RNS, 2018 U.S. Dist. LEXIS 186340, at *10 (S.D. Fla. Oct. 31, 2018) (finding no specific jurisdiction over plaintiff's TCPA claims where "[n]one of those Plaintiffs are Florida citizens and, based on the Amended Complaint's allegations, it would be unreasonable to infer that the allegedly offending calls to those Plaintiffs were made to or from Florida, or otherwise arose from [defendant's] operations in the state"); *Pagano v. Quicken Loans, Inc*., No. 3:18-cv-117-J-20JBT, 2018 U.S. Dist. LEXIS 120933, at *7-8 (M.D. Fla. Jul. 18, 2018) (holding that the court did not have specific jurisdiction over plaintiff's TCPA claims where plaintiff was a California resident and received the challenged calls in California); *Michaels v. Micamp Merch. Servs*., No. 6:13–cv–1920–Orl–37DAB, 2013 U.S. Dist. LEXIS 183996, at *7-8 (M.D. Fla. Dec. 19, 2013) (holding that the court did not have personal jurisdiction over plaintiff's TCPA claim where "the allegations establish that the phone calls — the allegedly tortious acts — were not placed or received in Florida").

The Amended Complaint further alleges that SSI is registered to do business in Florida and installs alarms systems in Florida, and that Safeguard was previously registered to do business in Florida and places telemarketing calls into Florida. (D.E. 19 ¶¶ 9-10.) These allegations, however, are insufficient to establish *specific* personal jurisdiction over SSI because specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that

7

establishes jurisdiction." *Lee*, 2018 U.S. Dist. LEXIS 186340, at *10 (quoting *Goodyear*, 564 U.S. at 919); *see also Louis Vuitton*, 736 F.3d at 1352 ("specific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida only as those contacts related to the plaintiff's cause of action").  Accordingly, Plaintiffs fail to establish specific personal jurisdiction over Defendants.

### C. Plaintiff Has Not Established that this Court has General Jurisdiction over Safeguard and SSI

The Amended Complaint alleges that "[t]he Court has personal jurisdiction over Defendants because of their registration with the State of Florida, by the fact that they regularly transact business in Florida, and because of their involvement in an illegal telemarketing scheme involving calls to and from Florida."  (D.E. 19 ¶ 13.)  Even taken as true for purposes of this motion, these allegations are insufficient to establish the necessary "substantial and not isolated" activity within Florida necessary for this Court to exercise general personal jurisdiction over SSI and Safeguard.  *Waite*, 901 F.3d at 1312 (quoting Fla. Stat. § 48.193(2)).

"Because Florida's long-arm provision 'extends to the limits on personal jurisdiction imposed by the Due Process Clause,'" the Court need only determine whether the exercise of general jurisdiction over SSI and Safeguard would "exceed constitutional bounds."  *Waite*, 901 F.3d at 1316 (quoting C*armouche v. Tamborlee Mgmt., Inc*., 789 F.3d 1201, 1204 (11th Cir. 2015)).  In *Goodyear Dunlop*, the Supreme Court defined those "constitutional bounds," holding that "'[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporation without offending due process when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop*, 564 U.S. at 919. "[E]ssentially at home" was further defined in the seminal *Daimler* case, where the

Supreme Court held that "only a limited set of affiliations with the forum" may support such a finding, including the two "paradigm bases for general jurisdiction" for corporations—the place of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014). Most recently, the Supreme Court explained that corporations may only be subject to general jurisdiction in states outside of those "paradigm bases" in an "exceptional case." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558, 198 L. Ed. 2d 36 (2017). In deciding whether a case is "exceptional" under this analysis, courts must consider whether "the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Waite*, 901 F.3d at 1318 (quoting *Carmouche*, 789 F.3d at 1205).

As alleged by Plaintiffs, SSI and Safeguard are both Connecticut corporations and both maintain their principal place of business in Connecticut. (D.E. 19 ¶¶ 9-10.) Thus, neither of the "paradigm bases" for asserting general jurisdiction exists. *Daimler*, 571 U.S. at 137. Nor is this an "exceptional case." *Tyrrell*, 137 S. Ct. at 1558. Plaintiffs do not allege that SSI's or Safeguard's "leadership was based in Florida or that the company[ies] otherwise directed [their] operations from Florida." *Waite*, 901 F.3d at 1318. Rather, Plaintiffs only allege that SSI is registered to do business in Florida, that Safeguard was *previously* registered to do business in Florida, and that Defendants generally "regularly transact business in Florida." (D.E. 19 ¶¶ 9-10, 13.) This is woefully insufficient to establish general jurisdiction.

Indeed, the Eleventh Circuit has held that having a corporate agent in a forum does not subject the corporation to general personal jurisdiction. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) ("The casual presence of a corporate agent in the forum is not enough to subject the corporation to suit where the cause of action is unrelated to the agent's

activities."). And, even if SSI's and Safeguard's alleged contacts with Florida could fairly be considered "substantial, continuous, and systematic" (which they cannot), such contacts still would not render Defendants "at home" in Florida or otherwise support the exercise of general jurisdiction by this Court. *See Waite*, 901 F.3d at 1318 (holding that having a distributor and customers in Florida, holding a seminar in Florida, maintaining an agent to receive service of process in Florida, and having a plant in Florida did not render defendant "at home" in the state for the purposes of general personal jurisdiction); *Lee*, 2018 U.S. Dist. LEXIS 186340, at *9 (holding that plaintiff's allegations that defendant bank was registered to conduct business in Florida and conducted significant business in Florida through numerous bank branches and ATM locations did not permit the court to exercise general jurisdiction over defendant). Thus, even taking the allegations in the Amended Complaint at face value, Plaintiffs have not established that this Court can exercise general jurisdiction over SSI and Safeguard.

Nor can Plaintiffs bootstrap this Court's apparent jurisdiction over Five Diamond, a Florida corporation, to achieve general personal jurisdiction over SSI and Safeguard. As an initial matter, the Amended Complaint does not allege that Five Diamond is a subsidiary of Defendants or that Five Diamond is wholly owned and controlled by Defendants. But even if it did, "generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd*., 288 F.3d 1264, 1272 (11th Cir. 2002). As such, Plaintiffs have failed to establish general personal jurisdiction over Defendants.

### D. Exercising Personal Jurisdiction over SSI and Safeguard Offends "Traditional Notions of Fair Play and Substantial Justice"

Even if, arguendo, the Court were to find that the Florida Long-Arm Statute conferred personal jurisdiction in this case, the exercise of jurisdiction would nonetheless offend traditional

notions of fair play and substantial justice. This is because the allegedly violative calls were placed into Pennsylvania and Illinois and Defendants are Connecticut corporations. Florida does not have an interest in adjudicating a cause of action that did not arise in Florida or from conduct that occurred in Florida, and that is between plaintiffs, who are not Florida citizens, and defendants, who are not Florida citizens and who do not have a substantial and continuous presence in Florida.

Moreover, the burden on SSI and Safeguard to defend a lawsuit in Florida is significant as Defendants are Connecticut companies without an office or substantial presence in Florida. *See Estate of Fraser v. Smith*, No. 1:04-cv-22191-AJ, 2007 U.S. Dist. LEXIS 96842, at *28 (S.D. Fla. Nov. 13, 2007) (holding that it offended traditional notions of fair play and substantial justice to exercise jurisdiction over a foreign defendant based on allegations by non-resident defendants involving an incident which occurred in another state). Accordingly, Plaintiffs have failed to make a *prima facie* case for the exercise of general personal jurisdiction over SSI and Safeguard.

## IV.   CONCLUSION

Personal jurisdiction is not properly exercised over Defendants in this Court. There exists no factual basis upon which to subject Defendants to jurisdiction under Florida's Long-Arm Statute or under general personal jurisdiction. Moreover, the exercise of jurisdiction over Defendants clearly would offend principles of Due Process. Accordingly, the claims against Defendants should be dismissed for lack of personal jurisdiction. For the reasons set forth herein, Defendants' motion should be granted in its entirety and the First Amended Class Complaint [D.E. 19] should be dismissed with prejudice as to SSI and Safeguard.

Respectfully submitted,

By:   s/Susan V. Warner
Susan V. Warner
Florida Bar No. 38205
susan.warner@fisherbroyles.com

**FISHERBROYLES, LLP**
1221 Brickell Avenue, Suite 900
Miami, FL 33131
Tel: (786) 310-0637
*Counsel for Defendants Security Systems, Inc. and Safeguard Security & Surveillance, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of October, 2019 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                             s/Susan V. Warner
                                                           Susan V. Warner

## SERVICE LIST
### JAMES EVERETT SHELTON et al. vs. SECURITY SYSTEMS, INC. et al.
### CASE NO: 0:19-cv-61787-RKA
### United States District Court, Southern District of Florida

| | |
|---|---|
| Avi R. Kaufman<br>kaufman@kaufmanpa.com<br>Rachel E. Kaufman<br>rachel@kaufmanpa.com<br>KAUFMAN P.A.<br>400 NW 26thStreet<br>Miami, FL 33127<br>*Counsel for Plaintiffs James Everett Shelton and George Moore and all others similarly situated* | Manuel Kushner<br>manuel@kushnerfirm.com<br>Manuel Kushner Law Firm, PLLC<br>The Worth Avenue Building<br>205 Worth Avenue, Suite 320<br>Palm Beach, FL 33480<br>*Counsel for Defendant Five Diamond Security, LLC* |