**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JAMES EVERETT SHELTON and GEORGE MOORE, individually and on behalf of all others similarly situated,

*Plaintiffs*,

*v.*

SECURITY SYSTEMS, INC. D/B/A SAFE HOME SECURITY, a Connecticut company, SAFEGUARD SECURITY & SURVEILLANCE INC., a Connecticut company, FIVE DIAMOND SECURITY, LLC, a Florida company, and FRANK ERICKSON,

*Defendants*.

Case No. 19-cv-61787

**CLASS ACTION**

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

The Court has personal jurisdiction over Defendants SSI and Safeguard with respect to Plaintiff Shelton's Telephone Consumer Protection Act claims because SSI and Safeguard expressly or impliedly contracted with a telemarketer in this District (Defendant Five Diamond Security) to place calls on their behalf to generate home security service leads resulting in TCPA violative calls to Plaintiff Shelton. Under Florida's long arm jurisdiction statute, companies like SSI and Safeguard are subject to personal jurisdiction based on the tortious acts of their agents like Five Diamond Security who engage in business on their behalf from this state when the claims arise from that business. This is true regardless of whether the effects of the tortious conduct are felt outside of Florida, as with Plaintiff Shelton who was called in Pennsylvania.

The Court has personal jurisdiction over SSI and Safeguard with respect to Plaintiff Moore's TCPA claims based on the factual and legal overlap between Plaintiff Moore's claims

and Plaintiff Shelton's claims. The Court can exercise pendent personal jurisdiction over SSI and Safeguard in connection with Plaintiff Moore's claims without an independent connection between Plaintiff Moore's claims and the state of Florida.

The Court should therefore deny SSI and Safeguard's motion to dismiss in total.

**PLAINTIFFS' ALLEGATIONS**

SSI provides commercial and residential home alarm services. Amended Complaint (D.E. 19) at ¶ 64. SSI relies on dealers and their telemarketers to market SSI's services directly to consumers. *Id*. at ¶¶ 65-66, 72-80. Safeguard is a dealer of SSI's services and Defendant Five Diamond Security is one of the telemarketers that markets home alarm services on behalf of Safeguard and SSI. *Id*. at ¶¶ 43-47, 66. Defendant Five Diamond Security is a Florida corporation with its principal place of business in Pompano Beach and a Broward county area code phone number. *Id*. at ¶¶ 8, 46.

On June 3, 2019, Five Diamond Security – from Florida – called or directed another telemarketer to call Plaintiff Shelton in Pennsylvania on behalf of Defendants SSI and Safeguard to promote home security services. *Id*. at ¶¶ 33-34, 40-47. On February 22, 2019, March 5, 2019, June 5, 2019, and June 13, 2019, another telemarketer (Defendant Frank Erickson) called Plaintiff in Illinois on behalf of Defendants SSI and Safeguard to promote home security services. *Id*. at ¶¶ 48-61. Based on these unsolicited, telemarketing calls made by telemarketers on behalf of Defendants SSI and Safeguard, Plaintiffs have asserted claims for violations of the TCPA's prohibitions against autodialed calls to cell phone numbers, calls to residential phone numbers registered on the National Do Not Call Registry, and prerecorded voice calls to residential phone numbers, and Plaintiff Moore has asserted an additional claim for violation of a

substantially similar Illinois telemarketing law prohibiting prerecorded voice calls to residential phone numbers. *Id*. at ¶¶ 90-109.

## MEMORANDUM OF LAW

### The Court has Personal Jurisdiction Over SSI and Safeguard for Plaintiff Shelton's TCPA Claims Because Five Diamond Called Plaintiff Shelton on Their Behalf from Florida

Under Florida's long arm jurisdiction statute, "A person, whether or not a citizen or resident of this state, who … ***through an agent***" "engag[es] in … business … in this state" "submits … to the jurisdiction of the courts of this state for any cause of action arising from" the business engaged in in Florida. Fla. Stat. § 48.193(1)(a)(1) (emphasis supplied); *see Exceptional Urgent Care Ctr. I, Inc. v. ProtoMed Med. Mgmt. Corp.*, No. 5:08-cv-284-Oc-10GRJ, 2009 U.S. Dist. LEXIS 44787, at *22 (M.D. Fla. May 14, 2009) (finding that exercise of personal jurisdiction was appropriate where the defendant used a Florida agent to, among other things, "promote and market its products to prospective customers" and "solicit orders for products and enter into contracts to sell those products"); *Johansen v. HomeAdvisor, Inc.*, No. 2:16-cv-121, 218 F. Supp. 3d 577 (S.D. Ohio Oct. 31, 2016) (finding that under the TCPA, a party may be subject to personal jurisdiction for the acts of its agent); *see also In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd 6574, 6574 (¶ 1) (FCC 2013) (holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers").

Here, Plaintiff Shelton alleges, and Defendants do not rebut by affidavit,[1] that SSI and Safeguard regularly and repeatedly engage in telemarketing from Florida through their agent Five Diamond Security (a Florida corporation operating from this District with a Broward area code phone number), and that Plaintiff Shelton's claims arise from this continuous business conduct by Five Diamond Security on behalf of SSI and Safeguard.  Amended Complaint at ¶¶ 33-34, 40-47, 72-80.

The circumstances giving rise to Plaintiff Shelton's claims are the exact opposite of the circumstances in the cases SSI and Safeguard rely on where the TCPA violative calls were not made by or on behalf of the defendant from Florida.  *E.g., Lee v. Branch Banking & Tr. Co.,* No. 18-21876-Civ, 2018 U.S. Dist. LEXIS 186340, at *11 (S.D. Fla. Oct. 31, 2018) ("based on the Amended Complaint's allegations, it would be unreasonable to infer that the allegedly offending calls to those Plaintiffs were made to ***or from Florida***, or otherwise arose from BB&T's operations in the state"); *Michaels v. Micamp Merch. Servs.*, No. 6:13-cv-1920-Orl-37DAB, 2013 U.S. Dist. LEXIS 183996, at *7 (M.D. Fla. Dec. 19, 2013) ("the "allegations establish that the phone calls — the allegedly tortious acts — were not ***placed*** or received ***in Florida***").

The Court therefore has specific personal jurisdiction over SSI and Safeguard under Florida's long arm jurisdiction statute with respect to Plaintiff Shelton's TCPA claims which arise from calls made to Plaintiff from Florida by SSI and Safeguard's telemarketing agent Five Diamond at the direction of SSI and Safeguard.

---

[1] "In a motion to dismiss for lack of personal jurisdiction, a court must accept the facts alleged in plaintiff's complaint as true, to the extent that they are not contradicted by defendant's affidavits."  *Kim v. Keenan*, 71 F. Supp. 2d 1228, 1231 (M.D. Fla. 1999) (citing *Cable/Home Commc'n Corp. v. Network Prods.*, 902 F.2d 829, 855 (11th Cir. 1990)).

**Exercising Personal Jurisdiction Over SSI and Safeguard for**
**Plaintiff Shelton's TCPA Claims is Consistent with the Due Process Claude**

Exercising personal jurisdiction over SSI and Safeguard with respect to Plaintiff Shelton's TCPA claims is consistent with the Due Process Clause based on the agency relationship between SSI and Safeguard, on the one hand, and Five Diamond Security, on the other. "To determine whether exercising specific personal jurisdiction comports with due process, courts employ a three-part test, which examines: (1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum [('Relatedness Prong')]; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws [('Purposeful Availment Prong')]; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice [('Fair Play Prong')]." *Tickling Keys, Inc. v. Tra43nsamerica Fin. Advisors, Inc*., 305 F. Supp. 3d 1342, 1349 (M.D. Fla. 2018) (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013)).

Here, Plaintiff Shelton's claims satisfy the Relatedness Prong because there is a "'direct causal relationship between the defendant, the forum, and the litigation'"; *i.e.*, SSI and Safeguard expressly or implicitly contracted with Five Diamond Security to place telemarketing calls from Florida on their behalf and Plaintiff Shelton's claim arises from a call placed to him by Five Diamond Security from Florida on SSI and Safeguard's behalf. *Id*. at 1349 (citing *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010)).

Plaintiff Shelton's claims satisfy the Purposeful Availment Prong because SSI and Safeguard's contacts with Florida – *i.e.*, contracting with Five Diamond to place telemarketing calls on their behalf from Florida including to Plaintiff Shelton – "are related to the [P]laintiff's cause of action," "involve some act by which the defendant purposefully availed himself of the

privileges of doing business within the forum," and "are such that the defendant should reasonably anticipate being haled into court in the forum." *Louis Vuitton*, 736 F.3d at 1357. A company that hires a telemarketer to engage in cold calling on its behalf cannot reasonably be surprised that it may be required to defend itself against a TCPA claim in the forum from which its telemarketer made calls on its behalf.

Plaintiff Shelton's claims satisfy the Fair Play Prong because other than SSI and Safeguard's conclusory and unverified assertion that they are "burden on [them] to defend a lawsuit in Florida is significant as Defendants are Connecticut companies without an office or substantial presence in Florida," "there is no indication that adjudicating this case in Florida would be unconstitutionally burdensome" because SSI and Safeguard have contracted with a Florida telemarketer to engage in a telemarketing campaign on their behalf from Florida,. *Ticking Keys*, 305 F. Supp. 3d at 1350; *cf. Estate of Fraser v. Smith*, No. 04-22191-CIV-JORDAN, 2007 U.S. Dist. LEXIS 96842, at *27 (S.D. Fla. Nov. 13, 2007) (cited in the motion to dismiss at p. 11) (in dicta, finding that the exercise of personal jurisdiction would not satisfy the Fair Play Prong where the "cause of action … did not arise in Florida, nor from conduct that occurred in Florida (between plaintiffs who are not Florida citizens and a defendant who is not a Florida citizen and who does not have a substantial and continuous presence in Florida)"). Under the circumstances here, Florida has an interest in adjudicating Plaintiff Shelton's claims, particularly because Plaintiff Shelton's choice of forum is entitled to deference. *Burger King Corp. v. Rudzewicz*, 471 U.S. at 473, 478 (1985) ("parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for the consequences of their activities"); *see Tickling Keys*, 305 F. Supp. 3d at 1350 (identifying "the forum State's interest in adjudicating the

dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and "the shared interest of the several States in furthering fundamental social policies" as factors relevant to the Fair Play Prong).

Exercise of personal jurisdiction over SSI and Safeguard for Plaintiff Shelton's claims therefore comports with the Due Process Clause.

**The Court has Personal Jurisdiction Over SSI and Safeguard for Plaintiff Moore's TCPA Claims Because it has Personal Jurisdiction Over Them for Plaintiff Shelton's Claims**

SSI and Safeguard cannot reasonably dispute that the Court has personal jurisdiction over them with respect to Plaintiff Shelton's TCPA claims, which arise from telemarketing calls on SSI and Safguard's behalf. *See supra*. Instead, SSI and Safeguard appear to suggest that the Court needs an *independent* basis for exercising jurisdiction over them with respect to Plaintiff Moore's TCPA claims, which are based on substantially the same facts as Plaintiff Shelton's claims – *i.e.*, both Plaintiffs were called using a prerecorded voice without their prior express written consent on behalf of SSI and Safeguard to solicit them to purchase home security services.

However, the Court does not need an independent basis for exercising personal jurisdiction over SSI and Safeguard in connection with Plaintiff Moore's claims. Because the Court undoubtedly has personal jurisdiction of SSI and Safeguard in connection with Plaintiff Shelton's claims, and based on the factual and legal overlap of Plaintiff Shelton's claims and Plaintiff Moore's claims, the Court can exercise *pendent personal jurisdiction* over SSI and Safeguard in connection with the Plaintiff Moore's claims without an independent connection between Plaintiff Moore's claims and the state of Florida. *See Siegmund v. Bian*, No. 16-62506-CIV-FAM, 2017 U.S. Dist. LEXIS 217216, at *27-28 (S.D. Fla. Sep. 29, 2017) ("Pendent personal jurisdiction permits a court to entertain a claim against a defendant over whom it lacks personal jurisdiction

… if that claim arises from a common nucleus of operative fact with a claim in the same suit for which the court does have personal jurisdiction over the defendant."); *Exhibit Icons, LLC v. XP Companies, LLC*, 609 F. Supp. 2d 1282, 1299 (S.D. Fla. 2009) (holding that because the court had personal jurisdiction over the defendant for one claim, it had pendent personal jurisdiction over him for other claims for which there was no independent basis for exercising personal jurisdiction).

The Court therefore has personal jurisdiction over SSI and Safeguard with respect to Plaintiff Moore's TCPA claims.

**CONCLUSION**

SSI and Safeguard's motion to dismiss for lack of personal jurisdiction is based on the unreasonable premise that companies that hire Florida telemarketers to engage in a nationwide calling campaign on their behalf from Florida should not anticipate being hailed into Florida courts for their agents' TCPA violations. Florida's long arm jurisdiction statute subjects companies like SSI and Safeguard to personal jurisdiction here when the acts of their Florida agents from Florida on their behalf (for which their Florida agents are subject to personal jurisdiction in Florida) cause injuries to out of state plaintiffs. Under these circumstances, where companies contract with Florida telemarketers to engage in nationwide calling campaigns, it is foreseeable that litigation arising from the telemarketing may be brought in Florida, and Florida has an interest in resolving disputes arising from the Florida based conduct. The Court therefore has personal jurisdiction over Plaintiff Shelton's TCPA claims, and, based on the overlap between Plaintiff Shelton's claims and Plaintiff Moore's claims, over Plaintiff Moore's claims as well.

Dated: October 29, 2019.

*/s/ Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiffs James Everett Shelton and George Moore and all others similarly situated*