UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JAMES EVERETT SHELTON and
GEORGE MOORE, individually on behalf
of herself and all others similarly situated,

        Plaintiffs,

vs.                              Case No. 0:19-cv-61787-RKA

SECURITY SYSTEMS, INC. D/B/A SAFE
HOME SECURITY, a Connecticut
company SAFEGUARD SECURITY &
SURVEILLANCE INC., a Connecticut
company, FIVE DIAMOND SECURITY,
LLC, A Florida Company, and FRANK
ERICKSON,

        Defendants.

_____

## DEFENDANTS SECURITY SYSTEMS, INC.'S AND SAFEGUARD SECURITY & SURVEILLANCE INC.'S MOTION TO STAY DISCOVERY

Defendants Security Systems, Inc. ("SSI") and Safeguard Security & Surveillance, Inc. ("Safeguard") (collectively, "Defendants"), by and through their undersigned counsel, respectfully move this Court to stay discovery against SSI and Safeguard pending resolution of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for Lack of Personal Jurisdiction [D.E. 26]. Defendants have raised threshold issues as to whether this Court can exercise personal jurisdiction over them when Defendants are Connecticut corporations with minimal, if any, connection to Florida, neither Plaintiff resides in Florida, and Plaintiffs' claims do not arise from conduct that occurred in Florida. Under these circumstances, and in view of the strength of Defendants' Motion, it would be wasteful and prejudicial to Defendants for Plaintiffs to be permitted to conduct a fishing expedition that would subject Defendants to undue burden and expense when questions still remain as to whether Defendants are properly before this Court. Accordingly, discovery in

1

this matter as against SSI and Safeguard should be stayed pending resolution of Defendants' Motion to Dismiss. Plaintiffs oppose the relief requested in this motion, unless SSI and Safeguard are willing to identify any person that generated either Plaintiff as a lead for home security services from Defendants.

### I.     Factual and Procedural Background

Plaintiffs, James Everett Shelton and George Moore, brought this action against SSI and Safeguard as well as against co-defendants, Five Diamond Security, LLC ("Five Diamond") and Frank Erickson,[1] for alleged violations of the TCPA based on telephone calls Plaintiffs allegedly received from Defendants or their agents. (*See generally* D.E. 19.) SSI and Safeguard are providers of residential and commercial security alarm systems and services. (D.E. 19 ¶ 64.) Both Defendants are incorporated in Connecticut and have their principal place of business in Connecticut. (*Id.* ¶¶ 9-10.) Plaintiffs allege that SSI installs alarm systems in Florida and is registered to do business in Florida. (*Id.* ¶ 9.) Plaintiffs allege that Safeguard "places telemarketing calls into this District, and was previously registered to do business in this District." (*Id.* ¶ 10.)

Defendant Five Diamond Security, LLC ("Five Diamond") is a Florida limited liability company with a principal place of business in Pompano Beach, Florida. (*Id*. at ¶ 8.) Plaintiffs allege that SSI hired Safeguard and Five Diamond to solicit new customers through telemarketing, and that SSI exercises a degree of control over those telemarketing efforts. (D.E. 19 ¶¶ 72-79.) No other connections between SSI or Safeguard and Five Diamond are alleged.

Plaintiff James Everett Shelton ("Shelton") is a Pennsylvania resident who allegedly received the telephone calls at issue on a cellular telephone bearing a Pennsylvania area code (484).

---

[1] Defendant Frank Erickson was dismissed from this suit on December 11, 2019. (D.E. 32.)

(D.E. 19 ¶ 33.) Plaintiff George Moore ("Moore") is an Illinois resident who received the allegedly violative phone calls on a residential landline with an Illinois area code. (D.E. 19 ¶ 48.) Neither Shelton nor Moore allege that they received the phone calls at issue in the state of Florida.

On July 16, 2019, Moore brought suit against SSI and Safeguard in the Northern District of Illinois (the "Illinois case") for alleged violations of the Telephone Consumer Protection Act ("TCPA"). (D.E. 26-1.) On July 17, 2019, Shelton brought suit against Five Diamond and Rapid Response Monitoring Services Inc., a New York company, for similar alleged violations of the TCPA. (D.E. 1.) On August 30, 2019, seemingly in an attempt to avoid the procedural hurdles of establishing jurisdiction over non-resident class members in the Seventh Circuit, Moore voluntarily dismissed that Illinois case. (D.E. 26-2.) That same day, Shelton moved to join Moore to this litigation and to add SSI and Safeguard as defendants. (D.E. 14.) On September 10, 2019, Plaintiffs filed their Amended Complaint with leave of the Court. (D.E. 18; D.E. 19.)

On October 15, 2019, Defendants filed their Motion to Dismiss Plaintiffs' Amended Complaint for Lack of Personal Jurisdiction. (D.E. 26.) Defendants assert that Plaintiffs cannot establish specific personal jurisdiction over Defendants because there is no nexus between Plaintiffs claims and the state of Florida. (D.E. 26 at 6-8.) Thus, the suit did not arise out of or relate to any contacts SSI or Safeguard may have, if any, with Florida. Second, Defendants assert that this Court does not have general jurisdiction over Defendants, who are both incorporated in and have their principal places of business in Connecticut. (D.E. 26 at 8-10.)

On October 29, 2019, Plaintiffs filed a Response in opposition to Defendants' Motion. (D.E. 28.) On November 5, 2019, Defendants filed their Reply in support of their Motion. (D.E. 29.) On December 11, 2019, the Court entered an Order Requiring Scheduling Report and Certificates of Interested Parties, ordering the parties to jointly file a Joint Scheduling Report by

January 3, 2020. (D.E. 31.) Thus, pursuant to the Court's Order, the parties engaged in a Rule 26(f) conference on January 2, 2020, and, thereafter, filed their Joint Scheduling Report on January 3, 2020. (D.E. 34.)

The same day as the parties' Rule 26(f) conference, Plaintiffs served written discovery requests upon Defendants. A true and correct copy of Plaintiff's written discovery requests to Defendants are attached hereto as Composite Exhibit A. Plaintiffs' interrogatories ask the Defendants to, among other things, identify their vendors and provide information regarding the vetting and acquisition of customers throughout the country, broadly seeking documents related to Defendants' third-party vendors and marketing efforts to customers throughout the country. (Ex. A at 8-9, 23-24.) Plaintiffs' document requests also seek a broad range of documents not specific to Plaintiffs' claims, including all contracts with third party vendors, and any and all communications among the Defendants and between the Defendants and third-party vendors associated with either Plaintiff. (Ex. A at 13, 28.) Plaintiffs' discovery requests are directed to the substantive issues raised in the Amended Complaint and do not seek any jurisdictional discovery that would go to the issues raised in Defendants' Motion to Dismiss.

On January 14, 2020, the Court entered an Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge ("Trial Order"). (D.E. 35.) Pursuant to the Court's Trial Order, discovery will close on September 18, 2020, with trial set in February 2021. (D.E. 35 at 1-2.) Prior to filing this motion, undersigned defense counsel conferred with Plaintiffs' counsel via telephone to attempt to resolve these issues prior to filing this motion. Plaintiffs conditionally opposed a stay of discovery against SSI and Safeguard.

**II.     The Court Should Stay Discovery Pending Resolution of
         Defendants' Motion to Dismiss for Lack of Personal Jurisdiction**

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). With regard to the timing of discovery, the Eleventh Circuit recognizes that:

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, good cause to stay the discovery period is found where there is a pending motion to dismiss that, if granted, will obviate the need for discovery. *See, e.g., Habib v. Bank of Am. Corp.*, No. 1:10-cv-04079-SCJ-RGV, 2011 U.S. Dist. LEXIS 69858, *16 (N.D. Ga. Mar. 15, 2011) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.") (citing *Chudasama*, 123 F.3d at 1368). "[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss]." *Berry v. Canady*, No. 2:09-cv-765-FtM-29SPC, 2011 U.S. Dist. LEXIS 27088, *2 (M.D. Fla. Mar. 2, 2011) (quoting *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005)). Particularly where is the issue raised in the motion to dismiss is the propriety of personal jurisdiction over the defendant, a stay is appropriate. *See, e.g.*, *McCullough v. Royal Caribbean Cruises, Ltd.*, No. 16-CV-20194, 2017 WL 6372619, at *1 (S.D. Fla. Jan. 11, 2017); *Lapidus v. NCL Am. LLC*, No. 12-21183-CIV, 2013 WL 646185, at *8 (S.D. Fla. Feb. 14, 2013).

"To prevail on such a motion to stay, a movant must show 'good cause and reasonableness,' and the Court 'must balance the harm produced by a delay in discovery against the possibility that

the [dispositive] motion will be granted and entirely eliminate the need for such discovery.'" *McCullough*, 2017 WL 6372619, at *1 (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). "This involves weighing the likely costs and burdens of proceeding with discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting, *Simpson v. Specialty Retail Concepts*, *Inc.*, 121 F.R.D. 261, 263 (M.D.N.C.1988)). To conduct this balancing test, courts generally take a "preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. Here, as set forth below, the strength of Defendants' dispositive motion, as well as the breadth and burden of Plaintiffs' discovery requests, demonstrate that a stay of discovery is warranted pending resolution of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

      **A.**     **Defendants' Motion to Dismiss is Meritorious and Case Dispositive**

The strength of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction weighs heavily in favor of a discovery stay. As stated by the Eleventh Circuit:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama*, 123 F.3d at 1367 (internal citations omitted). "It is appropriate to stay discovery pending resolution of a motion to dismiss where such [a case-dispositive] issue is raised." *Varga v. Palm Beach Capital Mgmt., LLC*, No. 09-82398-CIV, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010); *see also Dayem v. Chavez*, No. 13-62405-Civ, 2014 U.S. Dist. LEXIS 196015, at *3 (S.D. Fla. Mar. 11, 2014) (finding a "stay of discovery . . . warranted" after having "peeked at the several motions to dismiss" which raised, *inter alia*, "lack of subject matter jurisdiction, lack of standing, failure to state a claim upon which relief can be granted, [and] improper venue").

In the case at bar, Defendants' Motion seeks to dismiss all of Plaintiffs' claims on the grounds that this Court lacks personal jurisdiction over each of the Defendants. (*See generally* D.E. 26.) As set forth in Defendants' Motion, Defendants are incorporated in and have their principal places of business in Connecticut. (D.E. 26 at 2.) Plaintiffs do not allege in their Amended Complaint that Defendants have the "constant and pervasive" contacts required to render them "essentially at home" in Florida. Rather, Plaintiff's merely assert that SSI is registered to do business in Florida, that Safeguard was *previously* registered to do business in Florida, and that Defendants generally "regularly transact business in Florida." (*Id.* at 8-9.) Under *Daimler AG v. Bauman*, 571 U.S. 20, 134 S. Ct. 746 (2014), and it Eleventh Circuit progeny, this is woefully insufficient to establish general jurisdiction. (*Id.*)

Plaintiffs likewise cannot establish specific jurisdiction over Defendants because Plaintiffs, who are residents Pennsylvania and Illinois, cannot show that their claims result from injuries that arise out of Defendants' activities in the state. (D.E. 26 at 6-8.) While the Amended Complaint is conspicuously silent as to where Plaintiffs allegedly received the phone calls in question, Plaintiff's phone numbers have Pennsylvania and Illinois area codes. (*Id.*; D.E. 19 ¶¶ 33, 48.) Consequently, even if Plaintiffs resided in Florida (which according to the Amended Complaint, they do not), they would still be unable to demonstrate that SSI or Safeguard engaged in conduct aimed at Florida.

These arguments are supported by well-established authority set forth in Defendants' Motion to Dismiss. Furthermore, there are no factual issues raised for the Court's resolution by the Motion, as Plaintiffs have rested upon their pleading and have not asserted that further jurisdictional discovery is needed. (*See generally* D.E. 28.) Simply put, Defendants have substantial, meritorious arguments for dismissal of all of the claims asserted in this lawsuit against

them, obviating the need for the discovery sought by Plaintiffs. Accordingly, on this basis alone, a stay is warranted.

### B. The Nature of Defendants' Current Discovery Requests Support the Entry of a Stay

While Defendants reserve the right to generally and specifically object to each of Plaintiffs' discovery demands, the extensive nature of the discovery sought to date militates in favor of granting a stay. *See Dayem*, 2014 U.S. Dist. LEXIS 196015, at *3 (granting motion to stay discovery, in part, due to the "potential scope of discovery"); *In re Winn Dixie Stores, Inc.*, No. 3:04-cv-194-J-33MCR, 2007 U.S. Dist. LEXIS 47014, at *5 (M.D. Fla. June 28, 2007) ("courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount"). Given the broad scope of Plaintiffs' discovery requests, responding to the requests will be disproportionately burdensome to Defendants, especially in light of the pending dispositive motion. Plaintiffs seek, among other things, documents related to Defendants' third-party vendors and marketing efforts to customers throughout the country, as well as all contracts with third party vendors, and any and all communications among the Defendants and between the Defendants and third-party vendors associated with either Plaintiff. (*See generally* Ex. A.) These discovery requests are not directed towards the jurisdictional issues raised in Defendants' Motion. Rather, these requests go to the substance of the claims raised in Plaintiffs' Amended Complaint.

In order to comply with these requests, Defendants would have to search through and gather voluminous documents (culled from various sources) that are in various electronic formats and in hard-copy format. If the Court agrees that it cannot exercise personal jurisdiction over Defendants in this matter, it would be prejudicial and an undue burden for Defendants to be required to respond to such discovery requests before that ruling. Accordingly, given the burden that discovery would impose on Defendants, a stay is necessary. *See Chico v. Dunbar Armored,*

*Inc.*, No. 17-22701-CIV, 2017 U.S. Dist. LEXIS 166035, at *8 (S.D. Fla. Oct. 6, 2017) (granting stay of discovery during pendency of a dispositive motion where "Defendant has persuasively demonstrated that the anticipated cost and burden of the discovery process will likely far exceed the merits of Plaintiff's claim."); *Heinert v. Bank of Am., N.A.*, No: 5:18-cv-324, 2018 U.S. Dist. LEXIS 196270, at *7 (M.D. Fla. Nov. 16, 2018) (continuing stay of discovery pending outcome of dispositive in motion based, in part, on Defendants' argument that the "requests for production sought by Plaintiffs are broad and burdensome, and that a continuation of the temporary stay will not prejudice Plaintiffs.").

Further, Plaintiffs would not be prejudiced by implementation of a stay at this juncture. Any stay would be temporary while Defendants' case dispositive motion is decided. Discovery does not close in this matter until September 2020, which will provide ample time for discovery *if* Defendants' motion is denied. A stay of discovery is appropriate if the opposing party cannot establish prejudice flowing from a brief temporary delay in discovery. *See e.g. Allmond v. City of Jacksonville*, No. 3:07-cv-1139-J-33TEM, 2008 U.S. Dist. LEXIS 57389, at *6 (M.D. Fla. Jul. 8, 2008); *McCabe*, 233 F.R.D. at 687. Defendants, however, will be greatly prejudiced if discovery is allowed to continue while Defendants' motion and before the Court determines whether personal jurisdiction may be properly exercised over Defendants.

### III.   Conclusion

Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for Lack of Personal Jurisdiction [D.E. 26] is meritorious and raises threshold issues as to whether this Court can exercise personal jurisdiction over Defendants, Connecticut corporations with minimal, if any, connection to Florida, and where neither Plaintiff resides in Florida nor do Plaintiffs' claims arise from conduct alleged to have occurred in Florida. Furthermore, Plaintiffs have rested on their

pleadings and have not alleged that any further jurisdictional discovery is needed. Under these circumstances, and in view of the strength of Defendants' Motion, it would be wasteful and prejudicial to Defendants for Plaintiffs to be permitted to conduct a fishing expedition that would subject Defendants to the undue burden and expense of discovery at this time, when questions still remain as to whether Defendants are properly before this Court. For the reasons set forth above, the Court properly should stay discovery against SSI and Safeguard until such time as the Court rules upon Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

WHEREFORE, Defendants, Security Systems, Inc. and Safeguard Security & Surveillance, Inc., respectfully requests that the Court enter an order temporarily staying discovery until such time as the Court rules upon Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [D.E. 26].

Respectfully submitted,

By: s/Susan V. Warner
Susan V. Warner
Florida Bar No. 38205
susan.warner@fisherbroyles.com
**FISHERBROYLES, LLP**
1221 Brickell Avenue, Suite 900
Miami, FL 33131
Tel: (786) 310-0637
*Counsel for Defendants Security Systems, Inc. and Safeguard Security & Surveillance, Inc.*

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that undersigned defense counsel has conferred with counsel for Plaintiffs via telephone in a good faith effort to resolve the issues set forth in this motion, but has been unable to fully resolve the issues set forth therein.  Plaintiffs oppose the relief requested, unless SSI and Safeguard are willing to identify any person that generated either Plaintiff as a lead for home security services from Defendants.  If SSI and Safeguard will disclose the lead channel information, Plaintiffs do not oppose a stay of all other discovery against SSI and Safeguard until resolution of the Motion to Dismiss.

              s/Susan V. Warner
              Susan V. Warner

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this __21st__ day of January, 2020 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                     s/Susan V. Warner
                                                     Susan V. Warner

### SERVICE LIST
**JAMES EVERETT SHELTON et al. vs. SECURITY SYSTEMS, INC. et al.**
**CASE NO: 0:19-cv-61787-RKA**
**United States District Court, Southern District of Florida**

Avi R. Kaufman
kaufman@kaufmanpa.com
Rachel E. Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26thStreet
Miami, FL 33127
*Counsel for Plaintiffs James Everett Shelton and George Moore and all others similarly situated*

Manuel Kushner
manuel@kushnerfirm.com
Manuel Kushner Law Firm, PLLC
The Worth Avenue Building
205 Worth Avenue, Suite 320
Palm Beach, FL 33480
*Counsel for Defendant Five Diamond Security, LLC*