## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JAMES EVERETT SHELTON and GEORGE MOORE, individually and on behalf of all others similarly situated, | Case No. 19-cv-61787 |
| *Plaintiffs*, | **CLASS ACTION** |
| *v.* | |
| SECURITY SYSTEMS, INC. D/B/A SAFE HOME SECURITY, a Connecticut company, SAFEGUARD SECURITY & SURVEILLANCE INC., a Connecticut company, FIVE DIAMOND SECURITY, LLC, a Florida company, and FRANK ERICKSON, | |
| *Defendants.* | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY

The Court should deny Defendants Security Systems, Inc. and Safeguard Security & Surveillance Inc.'s motion to stay pending a ruling on Defendants' motion to dismiss because (1) the motion to dismiss lacks merit and is unlikely to be granted, and (2) a stay would prejudice Plaintiffs because of the risk of loss of relevant evidence during its pendency.

### I.     Background and Facts

The Plaintiffs brought this putative class action pursuant to the TCPA, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012). Out of every 7,000,000 robocall, there's only one TCPA lawsuit in federal court. *Compare* Herb Weisbaum, *It's Not Just You—Americans Received 30 Billion Robocall Last Year*, NBC News (Jan. 17, 2018), https://www.nbcnews.com/business/consumer/it-s-not-just-you-americans-received-30-billion-robocall-n838406 (30.5 billion robocall); *with* WebRecon, *WebRecon Stats*

1

*for Dec 2017 & Year in Review* (last visited Oct. 29, 2018), https://webrecon.com/webrecon-stats-for-dec-2017-year-in-review/ (4,392 TCPA complaints).

Here, SSI provides commercial and residential home alarm services.  Amended Complaint (D.E. 19) at ¶ 64.  SSI relies on dealers and their telemarketers to market SSI's services directly to consumers.  *Id.* at ¶¶ 65-66, 72-80.  Safeguard is a dealer of SSI's services and Defendant Five Diamond Security is one of the telemarketers that markets home alarm services on behalf of Safeguard and SSI.  *Id.* at ¶¶ 43-47, 66.  Defendant Five Diamond Security is a Florida corporation with its principal place of business in Pompano Beach and a Broward county area code phone number.  *Id.* at ¶¶ 8, 46.

On June 3, 2019, Five Diamond Security – from Florida – called or directed another telemarketer to call Plaintiff Shelton in Pennsylvania on behalf of Defendants SSI and Safeguard to promote home security services.  *Id.* at ¶¶ 33-34, 40-47.  On February 22, 2019, March 5, 2019, June 5, 2019, and June 13, 2019, another telemarketer (Defendant Frank Erickson) called Plaintiff in Illinois on behalf of Defendants SSI and Safeguard to promote home security services.  *Id.* at ¶¶ 48-61.  Based on these unsolicited, telemarketing calls made by telemarketers on behalf of Defendants SSI and Safeguard, Plaintiffs have asserted claims for violations of the TCPA's prohibitions against autodialed calls to cell phone numbers, calls to residential phone numbers registered on the National Do Not Call Registry, and prerecorded voice calls to residential phone numbers, and Plaintiff Moore has asserted an additional claim for violation of a substantially similar Illinois telemarketing law prohibiting prerecorded voice calls to residential phone numbers.  *Id.* at ¶¶ 90-109.

## II.   A Stay of Discovery Pending A Motion to Dismiss Ruling Is Not Warranted Because Defendants' Motion to Dismiss Is Unlikely to be Granted and Plaintiffs will be Prejudiced by a Stay.

A defendant seeking a stay pending ruling on a motion to dismiss "has the burden of showing good cause and reasonableness." *Holsapple v. Strong Indus.*, Case No. 2:12-cv-355-UA-SPC, 2012 U.S. Dist. LEXIS 128009, at *2 (M.D. Fla. Sept. 10, 2012); *see Clinton v. Jones*, 520 U.S. 681, 708 (1997) (a defendant must demonstrate an actual "need" for a stay).[1]  In deciding whether to grant a stay, the district court "must balance the harm produced by a delay in discovery" and take a "preliminary peek" at the defendant's motion "to see if on its face there appears to be an ***immediate and clear possibility*** that it will be granted." *S. HVAC Corp. v. Konforte*, No. 6:18-cv-1589-Orl-37TBS, 2018 U.S. Dist. LEXIS 198274, at *1-3 (M.D. Fla. Nov. 21, 2018) (emphasis supplied).  If "after reviewing the motion to dismiss and Plaintiff's response, the Court is not persuaded that 'there appears to be an immediate and clear possibility that' Defendant's motion will be granted," it should deny the motion to stay discovery. *Adacel, Inc. v. Adsync Techs., Inc.*, No. 6:18-cv-1176-Orl-18TBS, 2018 U.S. Dist. LEXIS 199435, at *4-5 (M.D. Fla. Nov. 26, 2018).

Here, a review of Defendants' motion to dismiss and Plaintiffs' response makes it immediately clear that Defendants' motion is not likely to be granted.

The Court has personal jurisdiction over Defendants SSI and Safeguard with respect to Plaintiff Shelton's Telephone Consumer Protection Act claims because SSI and Safeguard expressly or impliedly contracted with a telemarketer in this District (Defendant Five Diamond Security) to place calls on their behalf to generate home security service leads resulting in TCPA violative calls to Plaintiff Shelton.  Under Florida's long arm jurisdiction statute, companies like

---

[1] Internal citation and annotations omitted throughout.

SSI and Safeguard are subject to personal jurisdiction based on the tortious acts of their agents like Five Diamond Security who engage in business on their behalf from this state when the claims arise from that business.  This is true regardless of whether the effects of the tortious conduct are felt outside of Florida, as with Plaintiff Shelton who was called in Pennsylvania.

The Court has personal jurisdiction over SSI and Safeguard with respect to Plaintiff Moore's TCPA claims based on the factual and legal overlap between Plaintiff Moore's claims and Plaintiff Shelton's claims.  The Court can exercise pendent personal jurisdiction over SSI and Safeguard in connection with Plaintiff Moore's claims without an independent connection between Plaintiff Moore's claims and the state of Florida.  Defendants' motion to dismiss is likely to be denied.

Moreover, regardless of the likelihood of Defendants prevailing on their motion to dismiss, Plaintiffs will be prejudiced by a stay.  First, any stay related delay amplifies the risk that non-parties to this action may destroy or otherwise lose relevant evidence.  *See Saleh v. Crunch, LLC*, No. 17-62416-Civ-COOKE/HUNT, 2018 U.S. Dist. LEXIS 36764, at *5 (S.D. Fla. Feb. 28, 2018) (denying a stay in a TCPA case and noting that the "fading memory of any witness" is prejudicial).  Specifically, although TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a), not all telecommunications companies or other telemarketing companies keep records of telephone activities for up to four years.  Without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day. Many of the major telecommunications providers will only retain call record information for 12-18 months, and presumably smaller telecommunications providers keep this information for an even shorter period of time.  Accordingly, needless delay of discovery may thwart Plaintiffs' ability to discover class information maintained by third parties, which may not

have a duty to preserve the information pending litigation, and will prejudice Plaintiffs.  In contrast, the only *risk* to Defendants if a stay is not granted is having to respond to discovery, which is not prejudicial. In fact, recognizing this risk, courts in the Eleventh Circuit regularly refuse to stay discovery pending ruling on a motion to dismiss in TCPA cases.  *See, e.g., Breines v. Pro Custom Solar LLC*, No. 3:19-cv-353-J-39PDB, 2019 U.S. Dist. LEXIS 223945, at *8 (M.D. Fla. Aug. 22, 2019) ("Considering that possible outcome, that a stay could delay the determination of the action by months or longer, and that a stay could result in the destruction of relevant evidence by third parties, a stay is unwarranted."); *Foote v. Car Protection USA et al*, No. 1:19-cv-04381-LMM, ECF No. 15 (N.D. Ga. Jan. 6, 2020); *Cooley v. First Data Merchant Services, LLC et. al.*, No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019).

Under these circumstances, where Plaintiffs have asserted a viable claim and face potential prejudice from a stay, the balance tips heavily in favor of denying Defendants' request for a stay.  This conclusion is underscored by the cases Defendants rely on in their motion.

For example, in *Chudasama,* the Plaintiff brought a claim under a novel and "dubious" legal theory. *Chudasma v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.12 & 1369 n.39 (11th Cir. 1997). This novel and dubious claim "substantially widened the scope of discovery." *Id.* at 1360. In evaluating the district court's refusal to rule on the motion to dismiss or grant a stay, the Eleventh held only that "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id.* at 1368. Here, Plaintiffs' claim is not novel or dubious, and Defendants challenge only the sufficiency of Plaintiffs' factual allegations, and not the validity of Plaintiffs' legal theory.  *See In re Winn Dixie Stores, Inc.*, 2007 U.S. Dist. LEXIS 47014, at *4-7 (M.D. Fla. June 28, 2007) ("By focusing on the obviousness of the failure of the questioned claims …, the Eleventh Circuit made

clear that discovery should be stayed pending the outcome of a motion to dismiss where a court is confident that the motion will ultimately be successful.").

The Court should therefore deny Defendants' motion to stay pending a ruling on their motion to dismiss.

### III.     Conclusion

A stay pending a ruling on Defendants' motion to dismiss is not warranted and likely to prejudice Plaintiffs.  The Court should therefore deny Defendants' motion to stay.

Dated:  February 4, 2020.              Respectfully Submitted,

/s/ Avi Kaufman
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiffs James Everett Shelton and George Moore and all others similarly situated*