UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61787-CIV-ALTMAN/Hunt

**JAMES EVERETT SHELTON**, *et al.*,

    *Plaintiffs*,

v.

**RAPID RESPONSE MONITORING SERVICES INCORPORATED**, *et al.*,

    *Defendants*.
_____/

## ORDER ON DEFAULT FINAL JUDGMENT PROCEDURE

**THIS MATTER** comes before the Court on the Clerk's Entry of Default as to Five Diamond Security, LLC ("Five Diamond") [ECF No. 48]. Upon review of the record, it appears that Five Diamond has failed to obtain counsel as directed by the Court, *see* [ECF No. 44], and thus failed to properly appear in this action. Therefore, the Court hereby

**ORDERS AND ADJUDGES** that the Plaintiffs must file one of the following two responses, as to Five Diamond, by **April 13, 2020**:

(1) Where there is only one Defendant, or where there are multiple Defendants[1] but no allegations of joint and several liability and no possibility of inconsistent liability between the Defendants, the Plaintiff shall file a *motion for default final judgment*.

The *motion for default final judgment* must include affidavits of any sum certain due by the Defendants, as well as any other supporting documentation that might be necessary to determine the Plaintiff's measure of damages. The *motion* shall also be accompanied by (1) the affidavit required under the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(b), if applicable;

---

[1] If there are multiple Defendants, the Plaintiff must state in the *motion for default final judgment* that there are no allegations of joint and several liability and explain why there is no possibility of inconsistent liability.

(2) a proposed order; and (3) a proposed final judgment. (These last two are required by Local Rule 7.1(a)(2)). Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** to altman@flsd.uscourts.gov. The Plaintiff shall send a copy of the *motion* to each of the Defendants. In the certificate of service, the Plaintiff shall indicate that notice was sent and identify the addresses to which it was sent.

If the Defendants fail to move to set aside the Clerk's Default or to respond to the motion for default final judgment within the time permitted by the Rules, default final judgment may be entered, which, simply put, will mean that the Plaintiff may be able to take the Defendants' property or money and/or obtain other relief against the Defendants.

(2) Where there are multiple Defendants and allegations of joint and several liability, or where there exists the possibility of inconsistent liability between the Defendants, the Plaintiff shall file a *notice of joint liability*. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 1998) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The *notice of joint liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability. Once liability is resolved as to all of the Defendants, the Plaintiff may, no later than 14 days thereafter, move for the entry of default final judgment against the Defendants, as described in (1) above.

The Plaintiffs' failure to file for a *motion for default final judgment* or *notice of joint liability* within the specified time will result in a **dismissal** without prejudice.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 3rd day of April 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record